UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| TERRY L. BARRETT, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV405-132 |
| ) | [Underlying CR487-034] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### REPORT AND RECOMMENDATION

Movant has filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Doc. 1. Because the motion is barred by the statute of limitations applicable to § 2255 motions, his petition should be DISMISSED.

On July 15, 1987, this Court sentenced movant on four drug charges. He received concurrent sentences of ten years' imprisonment on all counts, six years' special parole on counts two and three, six years' supervised release on count four, and a total of $30,000 in fines. Movant was released pursuant to regular parole in 1992. He was arrested for parole violations in January 1995 and re-released in September 1995. The Court then placed movant on supervised release. Due to movant's failure to report to his

probation officer, failure to follow his probation officer's instructions, failure to maintain work, drug usage, and frequenting places where drugs are sold, this Court revoked his supervised release on July 3, 1997, and sentenced him to twenty-four months' imprisonment. Movant was released from federal custody February 15, 2002. He is currently imprisoned in the Liberty County Regional Jail, pending trial on state drug charges. The United States Marshals Service has lodged a detainer against movant, apparently for a special parole violation.

28 U.S.C. § 2255 imposes a one year statute of limitations on petitions by prisoners to vacate, set aside, or modify a prison sentence. Movant's sentence became final in 1987, over eighteen years ago. Because the one-year statute of limitations was created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner convicted prior to April 24, 1996, had a one year "grace period" until April 23, 1997, in which he could timely bring a § 2255 petition. Goodman v. United States, 151 F.3d 1335, 1336 (11th Cir. 1998). Movant's petition is over eight years too late to take advantage of the window afforded by the Eleventh Circuit to challenge a pre-AEDPA conviction via § 2255. If his current § 2255 petition is directed at his 1997 supervised release proceeding, he also well outside

the one year limitations period, as that proceeding occurred over eight years ago. Therefore, movant's § 2255 petition is untimely and should be DISMISSED.

SO REPORTED AND RECOMMENDED this  8Th  day of February, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA